# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RUSTIC RETREATS LOG HOMES, INC.**
**d/b/a Pioneer Log Homes Midwest,**

    **Plaintiff,**

       **v.**

                              **Case No. 19-CV-1614**

**PIONEER LOG HOMES OF BRITISH**
**COLUMBIA INC. and**

**PIONEER LOG HOMES OF BRITISH**
**COLUMBIA, LTD.,**

    **Defendants.**

---

## DECISION AND ORDER

---

Rustic Retreats Log Homes, Inc., d/b/a Pioneer Log Homes Midwest ("Rustic Retreats") sued Pioneer Log Homes of British Columbia, Inc. and Pioneer Log Homes of British Columbia, Ltd. (collectively "Pioneer") for breach of the parties' distributorship agreement. (Docket # 1-1 at 4–12.) In response, Pioneer asserted several counterclaims against Rustic Retreats, including misappropriation of trade secrets in violation of the Wisconsin Uniform Trade Secrets Act. (Docket # 14.) A jury trial was held; on July 23, 2021, the jury returned a verdict in favor of Rustic Retreats on its breach of contract claim and in favor of Pioneer on its misappropriation of trade secrets claim. (Docket # 154.)

Presently before me are the parties' post-trial motions for attorney's fees. For the reasons explained below, both motions are denied.

*1.      Rustic Retreats' Motion for Fees and Costs (Docket # 163)*

At a final pretrial conference held on June 24, 2021, I heard arguments on the parties' motions in limine. In its Motion in Limine No. 1, Rustic Retreats sought to preclude Pioneer from putting forth evidence of damages at trial due to Pioneer's failure to provide a computation of its damages or provide proof of damages during discovery. In response to Rustic Retreats' arguments, Pioneer asserted that Rustic Retreats' untimely production of discovery precluded timely disclosure of its claimed damages and that two of its employees, Bryan Reid Jr. and Gary Crosina, were qualified to testify as to Pioneer's claimed lost profits. Ultimately, I denied Rustic Retreats' Motion in Limine No. 1 but opened discovery for the limited purpose of deposing Bryan Reid Jr. and Gary Crosina on the issue of lost profits. (Docket # 127 at 1.)

On July 14, 2021, Rustic Retreats filed a Renewed Motion in Limine No. 1, arguing that Pioneer still had failed to produce any evidence of damages sufficient to support its counterclaims. (Docket # 132.) Specifically, Rustic Retreats contended that Reid and Crosina, who were deposed on July 12, 2021, failed to demonstrate adequate knowledge of lost profits to testify at trial. (*Id.*) After considering the parties' arguments, I granted the Renewed Motion in Limine No. 1 on July 20, 2021. (Docket # 157 at 2.)

Rustic Retreats now seeks $14,220.00 in attorney's fees related to taking the depositions of Reid and Crosina, as well as preparing, filling, and prevailing on its Renewed Motion in Limine No. 1, pursuant to Federal Rules of Civil Procedure 26 and 37. (Docket # 163 at 4.) Rule 26 provides that a party must, as part of its initial disclosures, provide a computation of each category of its claimed damages, as well as the documents or other

evidentiary material on which each computation is based. Fed. R. Civ. P. 26(a)(1)(A)(iii). The rule further requires a party to supplement or correct its initial disclosures, either in a timely manner upon learning that the disclosure is incomplete or incorrect or as ordered by the court. Fed. R. Civ. P. 26(e)(1). Pursuant to Rule 37, if a party fails to provide information required by Rule 26(a) or Rule 26(e), "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In addition to or instead of this sanction, on motion and after giving an opportunity to be heard, the court may order payment of the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(c)(1)(A).

Rustic Retreats asserts that Pioneer's failure to provide a computation of its damages or supplement its initial disclosures as required by Rule 26 caused it to incur the expenses associated with conducting the depositions of Reid and Crosina—who failed to provide any relevant or substantive testimony in support of Pioneer's claimed lost profits—and renewing its motion to preclude Pioneer from presenting evidence of damages. (Docket # 163 at 4–5.) Pioneer responds that Rustic Retreats' motion should be denied as procedurally improper and untimely. (Docket # 185 at 1–2.) Pioneer further argues that, in any event, it did properly supplement its Rule 26 disclosures, and assuming that it did not, the failure was substantially justified and harmless. (*Id.* at 3–5.)

Even assuming that Rustic Retreats' motion is procedurally proper and timely, I find that an award of attorney's fees under Rule 37 is not warranted. Again, Rule 37 provides that when a party fails to produce information required by Rule 26, the Court may order the payment of reasonable expenses caused by the failure. Under the circumstances of this case, the connection between the attorney's fees that Rustic Retreats seeks and Pioneer's alleged

3

failures under Rule 26 is slightly attenuated. At the final pretrial conference, Rustic Retreats asserted prejudice from Pioneer's failure to timely provide computation of its damages, while Pioneer claimed that it was hindered by Rustic Retreats' lack of document production. Upon Pioneer's attestations that Reid and Crosina were qualified to provide lay witness testimony, Rustic Retreats' Motion in Limine No. 1 was denied and discovery reopened to depose these witnesses. Rustic Retreats laments that the depositions were largely a waste of time and necessitated the filing of the Renewed Motion in Limine No. 1. However, it was not unreasonable for Pioneer to believe that Reid and Crosina could testify as to lost profits. As explained in granting the Renewed Motion in Limine No. 1., Reid and Crosina, given their respective positions and responsibilities in the company, *could have* demonstrated the requisite knowledge to testify regarding Pioneer's alleged lost profits. Although Reid and Crosina at their depositions did not testify to the requisite knowledge regarding lost profits, allowing them to be deposed was not an unreasonable remedy. Given the circumstances, I decline to award Rustic Retreats attorney's fees pursuant to Rule 37.

Rustic Retreats also asserts that it is entitled to $1,597.60 in costs associated with its Renewed Motion in Limine No. 1 pursuant to Rule 54(d)(1) because it prevailed on the motion. (Docket # 163 at 6.) Pursuant to Rule 54, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has defined "prevailing party" as "the party who prevails as to the substantial part of the litigation." *Testa v. Vill. of Mundelein, Ill.*, 89 F.3d 443, 447 (7th Cir. 1996). Rustic Retreats makes no argument as to how prevailing on the Renewed Motion in Limine No. 1 was a substantial part of the litigation. In *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 446 (7th Cir. 2007), the Seventh Circuit considered whether a district court erred by awarding costs to a party who

prevailed at the post-trial stage because the court reduced the jury's damages award. The court concluded that the court did err. It noted that courts and commentators alike have "interpreted 'prevailing party' to mean "the party in whose favor judgment has been entered." *Id.* (quoting *Moore's Federal Practice* § 54.101[3] (3d ed. 2006)). The court also cited authority that "a determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided." 10 *Wright, Miller, & Kane Federal Practice & Procedure* § 2667 (3d ed. 2006). Thus, the court agreed that a "district court's award of costs should not depend on who wins the various battles preceding final judgment." *Id.* In this case, both parties received a judgment in their favor and received similar monetary awards. In such "mixed outcome" cases, it is reasonable to have the parties bear their own costs. *See Eagle F. v. Phyllis Schlafly's Am. Eagles*, 498 F. Supp. 3d 1024, 1034 (S.D. Ill. 2020) (collecting cases). Thus, Rustic Retreats' request for costs associated with its Renewed Motion in Limine No. 1 will be denied.

2.      *Pioneer's Motion for Attorney Fees and Related Nontaxable Expenses (Docket # 169)*

Pioneer moves for $177,752.68 in attorney's fees and related nontaxable expenses incurred in pursuing its successful misappropriation of trade secrets counterclaim. Under the Wisconsin Uniform Trade Secrets Act, "[i]f a claim [of misappropriation] is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or a [misappropriation] is willful and deliberate, the court may award reasonable attorney fees to the prevailing party." Wis. Stat. § 134.90(4)(c).

Pioneer argues that based on the plain language of the statute and the persuasive authority from other jurisdictions that have adopted the Uniform Trade Secrets Act, the court

may award fees even in the case of a jury trial. (Docket # 170 at 2–3.) It further asserts that the record conclusively establishes Rustic Retreats' willful and deliberate misappropriation of its custom designs and pricing, warranting a fee award under the statute. (*Id.* at 4–7.) In response, Rustic Retreats argues that Pioneer is precluded from obtaining an award of attorney's fees under the statute because, in declining to award Pioneer punitive damages on its misappropriation of trade secrets claim, the jury expressly found that Rustic Retreats' misappropriation was not willful and malicious, and the evidence presented at trial does not support a finding of willful and deliberate misappropriation. (Docket # 186 at 1–7.) Rustic Retreats further argues that Pioneer's fee request is unreasonable. (*Id.* at 7–10.)

The crux of Pioneer's argument rests on a significant departure the Wisconsin Uniform Trade Secrets Act makes from the Uniform Trade Secrets Act. By way of background, the National Conference of Commissioners on Uniform State Law amended its Uniform Trade Secrets Act in 1985. The Wisconsin legislature created a committee in 1984 to "study the desirability of incorporating trade secret protections in state law." Wisconsin Legislative Council, Directory of Committees Publications Summary of Proceedings, Vol. 1 (1985-86). Section 3 of the Uniform Trade Secrets Act provides for exemplary damages for "willful and malicious misappropriation." In turn, Section 4 allows for attorney's fees as follows:

> If (i) a claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or resisted in bad faith, or (iii) willful and malicious misappropriation exists. . . ."

Uniform Trade Secrets Act § 4. The "Commissioners' Comment" immediately following Section 4 specifically states in connection to cases of "willful and malicious" misappropriation that:

> [T]he court should take into consideration the extent to which a complainant will recover exemplary damages in determining whether additional attorney's

6

fees should be awarded. Again, patent law is followed in allowing the judge to determine whether attorney's fees should be awarded even if there is a jury.

Despite having this language before it, when the Senior Staff Attorneys of the Wisconsin Legislative Council prepared their Staff Brief on the issue of trade secrets, they summarized Section 4 as follows:

> SECTION 4 of the Act permits a court to award reasonable attorneys' fees to the prevailing party where a claim of misappropriation is made in bad faith, a motion to termination an injunction is made or resisted in bad faith, or wilful [sic] or deliberate misappropriation took place."

Uniform Trade Secrets Act, Staff Brief 84-9, Wisconsin Legislative Council, Vol. 4 (1983-84.) And despite the legislative drafting records indicating that where Wisconsin's law differed from the Uniform Trade Secrets Act the difference would be explained, 1985 Wis. Act. 236 at 1198, Wisconsin's final law is drafted with the significant difference of awarding attorney's fees when misappropriation is "willful and deliberate," Wis. Stat. § 134.90(4)(c), instead of the Uniform Trade Secret Act's "willful and malicious." Wisconsin's statute stands in contrast to other states who similarly adopted the Uniform Trade Secrets Act and use the "willful and malicious" language. *See, e.g.*, Ind. Code § 24-2-3-5(3), 765 Ill. Comp. Stat. 1065/5.

Generally, when the legislature "borrows" from analogous legislation, any differences in language are presumed to be the result of deliberate choice exercised by the legislature. *See Racine Unified Sch. Dist. v. Lab. & Indus. Rev. Comm'n*, 164 Wis. 2d 567, 588 n.6, 476 N.W.2d 707, 715 (Ct. App. 1991). Thus, Pioneer argues that the Wisconsin legislature made the intentional decision to lower the standard for awarding attorney's fees under the Wisconsin Uniform Trade Secrets Act when it strayed from the Uniform Trade Secret Act's "willful and malicious" language. (Docket # 170 at 4.) But in this case, the drafting records seem to suggest otherwise. "Willful or deliberate" first appears in the legislative staff attorneys' brief while

7

summarizing the Uniform Trade Secrets Act. Given that Section 4 of the Uniform Trade Secrets Act and its "willful and malicious" language is appended to the brief, this appears to be a scrivener's error on the part of the staff attorneys. The error is then repeated, however, throughout the drafting records, without further discussion. And despite the legislature otherwise specifically addressing when the statutory language differs from the Uniform Trade Secrets Act, it fails to do so regarding this language. Given the significant departure from the model act, it is strange that the legislature would intentionally lower the standard for awarding attorney's fees with no explanation, especially when the statute specifically states that it is derived from Section 4 of the Uniform Trade Secrets Act. *See* 1985 Wis. Act. 236.

This background notwithstanding, applying Wisconsin's "willful and deliberate" standard, I will decline to grant Pioneer's motion for attorney's fees and related nontaxable expenses. As written under the Wisconsin statute, attorney's fees may be awarded so long as the conduct was intentional, without the added intent to harm that "malicious" provides. *See* MALICIOUS, Black's Law Dictionary (11th ed. 2019) (Substantially certain to cause injury. 2. Without just cause or excuse.). Pioneer acknowledges that the common, ordinary meaning of "willful," is conduct that is "Voluntary and intentional, but not necessarily malicious." WILLFUL, Black's Law Dictionary (11th ed. 2019). Whereas "deliberate" is defined as "Intentional; premeditated; fully considered." DELIBERATE, Black's Law Dictionary (11th ed. 2019). As the parties acknowledge, the jury was asked to determine whether Rustic Retreats' actions were "willful and malicious." It determined that they were not. Thus, at bottom, the jury determined that Rustic Retreats' misappropriation was not willful and not intentional. Although the decision to award attorney's fees under Section 134.90(4) is within my discretion, I find the more principled approach is to be consistent with the jury verdict.

8

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Rustic's Motion for Fees and Costs (Docket # 163) is **DENIED**.

**IT IS FURTHER ORDERED** that Pioneer's Motion for Attorney Fees and Related Nontaxable Expenses (Docket # 169) is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2022.

BY THE COURT:

_____

NANCY JOSEPH
United States Magistrate Judge