# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RUSTIC RETREATS LOG HOMES,**
**INC. d/b/a Pioneer Log Homes**
**Midwest,**

        **Plaintiff,**

        v.

**PIONEER LOG HOMES OF BRITISH**
**COLUMBIA, INC. and**

**PIONEER LOG HOMES OF BRITISH**
**COLUMBIA, LTD.,**

        **Defendants.**

Case No. 19-CV-1614

---

## DECISION AND ORDER ON PLAINTIFF'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW AND TO ALTER OR
## AMEND THE JUDGMENT OR ALTERNATIVELY A NEW TRIAL

---

Rustic Retreats Log Homes, Inc. d/b/a Pioneer Log Homes Midwest ("Rustic Retreats") sued Pioneer Log Homes of British Columbia, Inc. and Pioneer Log Homes of British Columbia, Ltd. (collectively "Pioneer") for breach of the parties' distributorship agreement under Wisconsin law. (Docket # 1-1 at 4–12.) In turn, Pioneer asserted several counterclaims against Rustic Retreats, including breach of the distributorship agreement and misappropriation of trade secrets under Wis. Stat. § 134.90. (Docket # 14.)

The case was tried to a jury from July 19-23, 2021. (Docket # 157.) Pioneer moved for judgment as a matter of law at the close of Rustic Retreats' case, which was denied. Both Rustic Retreats and Pioneer moved for judgment as a matter of law on Pioneer's claims at the close of evidence, and both motions were denied. The jury returned a verdict finding that both parties breached the distributorship agreement, awarding Rustic Retreats $141,960.00 in

compensatory damages and Pioneer $14,00.00 in nominal[1] damages. (Docket # 154.) The jury also found in favor of Pioneer on its misappropriation of trade secrets claim and awarded $183,750.00 in damages for unjust enrichment. (*Id.*) Presently before me is Rustic Retreats' motion for judgment as a matter of law and to alter or amend the judgment or, alternatively, for a new trial. (Docket # 181.) For the reasons explained below, the motion is denied.

## DISCUSSION

1. *Legal Standards*

Federal Rule of Civil Procedure 50 provides that judgment may be entered against a party who has been fully heard on an issue during a jury trial if a "'reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Passananti v. Cook Cnty.*, 689 F.3d 655, 659 (7th Cir. 2012) (quoting Fed. R. Civ. P. 50(a) (motion for judgment as a matter of law), (b) (renewed motion for judgment as a matter of law)). In deciding a Rule 50 motion, the court construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence. *Id.* The court does not make credibility determinations or weigh the evidence. *Id.* Although the court reviews the entire record, the court "'must disregard all evidence favorable to the moving party that the jury [was] not required to believe.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000)).

Federal Rule of Civil Procedure 59 provides for a motion for a new trial and a motion to alter or amend a judgment. After a jury trial, the court may grant a new trial "for any reason

---

[1] In the final judgment entered in this case, I reduced the jury's award to $1.00 to reflect the customary figure for nominal damages. (Docket # 162.)

for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014). A jury verdict is against the manifest weight of the evidence if no rational jury could have rendered a verdict against the moving party. *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006).

Further, a motion to alter or amend the judgment under Rule 59(e) is proper "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks and citation omitted). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). Rule 59(e) does not allow a party to "undo its own procedural failures," to "introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment," *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996), or to rehash previously rejected arguments, *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

2. *Pioneer's Misappropriation of Trade Secrets Claim*

Post-trial, Rustic Retreats challenges two overarching aspects related to Pioneer's misappropriation of trade secrets claim: Pioneer's theory of damages based on unjust enrichment and the jury's finding that Pioneer's custom log home designs and pricing were trade secrets. I will address each in turn.

### 2.1 Unjust Enrichment

#### 2.1.1 Allowance of Jury Instruction and Special Verdict Question

First, Rustic Retreats argues that the allowance of a jury instruction and special verdict question as to Pioneer's claimed unjust enrichment damages resulted in manifest injustice to Rustic Retreats and deprived it of a fair trial. (Docket # 182 at 6–8.) Thus, Rustic Retreats requests that the judgment be altered or amended to include no damage award against Rustic Retreats or, in the alternative, that it be granted a new trial.

Wis. Stat. § 134.90(4) provides that damages for misappropriation of a trade secret may include "both the actual loss caused by the violation and unjust enrichment caused by the violation that is not taken into account in computing actual loss." In its answer, Pioneer alleged that it had suffered "direct and ongoing pecuniary losses" due to Rustic Retreats' misappropriation of its custom log cabin designs. (Docket # 14 at 14.) Subsequently, on cross-motions for summary judgment, Rustic Retreats argued that Pioneer provided no evidence of reasonable efforts taken to maintain the secrecy of its log home designs. (Docket # 60 at 24–25.) After briefing, but before the parties' motions were decided, Rustic Retreats filed a motion *in limine* to exclude evidence of Pioneer's claimed damages. (Docket # 95 at 2–5.) Therein, Rustic Retreats argued that while each of Pioneer's claims required proof of damages, Pioneer had failed to itemize its damages as required by Rule 26. (*Id.*) I denied Rustic Retreats' motion for summary judgment on Pioneer's trade secrets claim in a written decision and order dated June 17, 2021 (Docket # 125) and its motion *in limine* during a final pretrial conference held on June 24, 2021 (Docket # 127).

After the case proceeded to trial, I granted Rustic Retreats' renewed motion *in limine* to exclude evidence of Pioneer's claimed damages. (July 20, 2021 Transcript of Jury Trial

4

("July 20 Tr.") at 6–13, Docket # 174.) Pioneer later sought to proceed on a theory of unjust enrichment for its misappropriation of trade secrets claim. I ruled that because unjust enrichment damages are contemplated by the statute and the theory would be supported by the evidence already introduced at trial, Pioneer could seek unjust enrichment damages. (July 22, 2021 Transcript of Jury Trial ("July 22 Tr.") at 113–14, Docket # 176.)

Rustic Retreats now argues that allowing Pioneer to pursue a new theory of damages during trial and allowing a jury instruction and special verdict question on the theory resulted in a manifest injustice that warrants alteration or amendment of the judgment pursuant to Rule 59(e). (Docket # 198 at 3.) Again, Rule 59(e) is intended to address manifest errors of law or fact or to present newly discovered evidence that precludes entry of judgment. Rustic Retreats has not identified a manifest error of law or fact or presented newly discovered evidence. To the contrary, Rustic Retreats' objections to Pioneer's unjust enrichment theory were raised and addressed during trial. (July 22 Tr. at 97–102, 113–14.) Furthermore, I do not agree that allowing Pioneer to proceed on an unjust enrichment theory resulted in a manifest injustice to Rustic Retreats. While I agree with Rustic Retreats that the purpose of discovery is to investigate, respond to, and prepare for the presentation of evidence and legal arguments at trial, the evidence used to support the unjust enrichment theory was evidence that was already introduced into the record. Moreover, at all times, Wis. Stat. § 134.90(4) provided for the unjust enrichment theory. For these reasons, I do not find that altering or amending the judgment is warranted on this ground.

For the same reasons, I find that the allowance of a jury instruction and verdict question regarding unjust enrichment damages did not deprive Rustic Retreats of a fair trial. Pioneer's original claim of lost profits and its claim of unjust enrichment rested on the same

5

basic facts—that Rustic Retreats used Pioneer's custom designs, pricing, and sales leads to its advantage and to the disadvantage of Pioneer. While the lost profits theory focused on the loss to Pioneer, the unjust enrichment theory focused on the benefit to Rustic Retreats. Either way, Pioneer relied on the same facts admitted into evidence to make its case. Thus, Rustic Retreats' motion for a new trial on this ground is denied.

### 2.1.2 Sufficiency of the Evidence

Rustic Retreats further challenges the sufficiency of the evidence for the jury to award unjust enrichment damages to Pioneer. (Docket # 182 at 8–11.) Specifically, Rustic Retreats contends that Pioneer failed to introduce legally sufficient evidence relevant to the proper measure of unjust enrichment: the benefit that Rustic Retreats received from its wrongful act. As such, Rustic Retreats argues, it is entitled to judgment as a matter of law on Pioneer's misappropriation of trade secrets claim; alternatively, Rustic Retreats requests a new trial.

Under Wisconsin law, the theory of unjust enrichment is "grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust." *Watts v. Watts*, 137 Wis. 2d 506, 530, 405 N.W.2d 303, 313 (1987). A claim for unjust enrichment requires proof of "(1) a benefit conferred upon the defendant by the plaintiff, (2) knowledge or appreciation of the benefit by the defendant, and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him or her to retain it without paying the value thereof." *Id.* at 531. Furthermore, unjust enrichment is "based on equitable principles, with damages being measured by the benefit conferred upon the defendant, not the plaintiff's loss." *Mgmt. Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188, 557 N.W.2d 67, 80

(1996). While damages must be proven with reasonable certainty, evidence of damages is sufficient if it "enables the jury to make a fair and reasonable approximation." *Id.* at 189.

There was sufficient evidence introduced at trial from which the jury could determine the benefit, if any, that Rustic Retreats received from using Pioneer's custom designs and pricing to build log homes without Pioneer. For example, the jury heard testimony that Rustic Retreats sent prospective customers custom design plans of Pioneer's to build with another log home builder. (July 20 Tr. at 128–29, 172.) The jury received a list of Rustic Retreats' sales from 2015 to 2020. (Docket # 141, Ex. 1056.) The jury also received calculations from Rustic Retreats' damages expert regarding Rustic Retreats' sales and profit margins. (Docket # 139, Ex. 146.) From this evidence, the jury could reasonably conclude that Rustic Retreats received a benefit, measured by the amount of Rustic Retreats' profits, from Pioneer's custom designs and pricing. As such, Rustic Retreats' motion for judgment as a matter of law on this basis is denied.

For the same reasons, Rustic Retreats is also not entitled to a new trial on this basis. As demonstrated by the evidence above, a reasonable basis existed to support the jury's finding that Rustic Retreats received a benefit from its misappropriation. Thus, I cannot conclude that the jury's finding was against the manifest weight of the evidence.

### 2.2 Trade Secrets in Custom Designs and Pricing

Next, Rustic Retreats argues that no legally sufficient evidentiary basis supports the jury's finding that Pioneer's custom designs and pricing are trade secrets under Wis. Stat. § 134.90. (Docket # 182 at 11–14.) Wisconsin's Uniform Trade Secrets Act defines a trade secret as information that both "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by,

7

other persons who can obtain economic value from its disclosure or use" and "is the subject of efforts to maintain its secrecy that are reasonable under the circumstances." Wis. Stat. § 134.90(1)(c). Rustic Retreats argues that Pioneer failed to offer evidence of reasonable efforts to maintain the secrecy of its custom designs and pricing. Further, Rustic Retreats argues that Pioneer offered no evidence that its custom designs were not readily ascertainable by those who could obtain economic value from their disclosure or use.

As an initial matter, Pioneer contends that Rustic Retreats has forfeited its argument that Pioneer did not possess trade secrets in its custom designs and pricing. (Docket # 196 at 10.) Pioneer notes that at the close of its case-in-chief, Rustic Retreats moved for judgment as a matter of law under Rule 50(a) on Pioneer's misappropriation of trade secrets claim on the issue of damages, *not* on whether Pioneer's pricing and custom designs met the definition of a trade secret. I agree. "Ordinarily, a party seeking a pre-verdict judgment as a matter of law must spell out the basis on which that judgment might be rendered." *Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N. Am.*, 869 F.3d 598, 604–05 (7th Cir. 2017). "If the court denies the Rule 50(a) motion, that party may renew its earlier motion under Rule 50(b), but it may raise only the grounds it advanced in the pre-verdict 50(a) motion." *Id.* While Rustic Retreats opposed Pioneer's Rule 50(a) motion on the basis that a reasonable jury could find that Pioneer did not possess trade secrets in its custom designs and pricing (July 22 Tr. at 138–40), its own Rule 50(a) motion on Pioneer's claim was not made on this basis (July 22 Tr. at 96–102).

Even absent waiver of this argument, Pioneer presented sufficient evidence from which the jury could reasonably conclude that Pioneer took steps to maintain the secrecy of its custom designs and pricing that were reasonable under the circumstances. As to pricing, Pioneer's president testified that its prices and the formula used to calculate pricing were not

8

shared with other log home builders and were not published on Pioneer's website or distributed at trade shows. (July 22 Tr. at 31–32.) Pioneer's sales manager also testified that Pioneer's price list was usually locked in his desk and that pricing was shared amongst no one other than himself, Pioneer's president, and another sales associate at Pioneer. (*Id.* at 80–81.) As to Pioneer's custom designs, the jury heard similar testimony that custom plans were not available on Pioneer's website and were stored on a server with access restricted to Pioneer's six-person design and sales team. (*Id.* at 82–83.) Further, the parties' distributorship agreement was admitted into evidence and contained a provision on confidential information that the jury could have found encompassed Pioneer's custom designs and pricing. (Docket # 136, Ex. 4.) While Rustic Retreats points to testimony weighing in the other direction, particularly that neither Pioneer's pricing nor custom designs were marked as confidential, I find that the contrary evidence presented provides a legally sufficient basis on which the jury could return its verdict. Thus, the motion for judgment as a matter of law is not warranted on this basis.

The evidence adduced at trial was also sufficient for the jury to conclude that Pioneer's custom designs derived independent economic value from not being generally known to and not being readily ascertainable by proper means by those who could obtain economic value from their disclosure or use. Rustic Retreats asserts that the only evidence presented showed that the homeowner and Pioneer co-owned the design plans, and that the customer could do with the design plans what they wished. (Docket # 182 at 13.) However, the jury heard testimony that the custom designs at issue were not available online (July 22 Tr. at 82) and that Rustic Retreats' president never obtained permission from customers to share custom

9

design plans with log home builders other than Pioneer (July 20 Tr. at 130–31). As such, Rustic Retreats' motion for judgment as a matter of law on this basis is denied.

Based on the totality of the evidence, a reasonable basis existed to support the jury's finding that Pioneer's custom designs and pricing were trade secrets. Thus, the jury's verdict was not against the manifest weight of the evidence, and Rustic Retreats is not entitled to a new trial.

    3.    *Pioneer's Breach of Contract Claim*

Rustic Retreats argues that no legally sufficient evidentiary basis exists to support the jury's finding that Rustic Retreats breached the distributorship agreement. (Docket # 182 at 14–15.) First, Rustic Retreats contends that Pioneer's earlier breaches of the distributorship agreement excuse any possible breach by Rustic Retreats. (*Id.*) Rustic Retreats asserts that Pioneer breached the distributorship agreement in several ways—including by selling to and communicating directly with Rustic Retreats' customers—that caused a complete deterioration in Rustic Retreats' ability to sell Pioneer products. Thus, Rustic Retreats concludes, the jury's answer to whether Rustic Retreats breached the distributorship agreement should be "No."

Pioneer asserts that this argument has been waived because Rustic Retreats did not advance it in its Rule 50(a) motion. In its Rule 50(a) motion, Rustic Retreats moved for judgment as a matter of law on Pioneer's breach of contract claim based on Pioneer's failure to prove the essential element of damages. (July 22 Tr. at 97–102.) Pioneer now renews its motion for judgment as a matter of law on an entirely different element: breach. Contrary to Rustic Retreats' argument, these two bases for judgment as a matter of law are not simply "slightly" different. Further, "[t]he issue of whether there is a material breach of a contract is

10

a question of fact for the jury." *Jadair v. Contractors Equip.*, 107 Wis. 2d 739, 321 N.W.2d 364 (Ct. App. 1982). Rustic Retreats did not argue at trial that any breach of the distributorship agreement by Pioneer excused Rustic Retreats' own performance of the distributorship agreement, nor did Rustic Retreats ask that the jury be instructed on material breach. For these reasons, I decline to enter judgment as a matter of law in Rustic Retreats' favor that it did not breach the distributorship agreement.

Finally, Rustic Retreats argues that because Pioneer presented no evidence of damages, the jury's award of nominal damages has no basis in fact and should be overturned by either judgment as a matter of law or a new trial. (Docket # 182 at 15.) A breach of contract claim consists of three elements: (1) a contract between the plaintiff and the defendant; (2) failure of the defendant to do what it undertook to do; and (3) damages. *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 807, 714 N.W.2d 582, 588. Nominal damages may be awarded in the absence of proof of actual damages; in other words, so long as a breach has been established. *See Earl Millikin, Inc. v. Allen*, 21 Wis. 2d 497, 503, 124 N.W.2d 651, 655 (1963); *Anderson v. Savoy*, 142 Wis. 127, 124 N.W. 1053, 1054 (1910); *New Richmond Roller Mills Co. v. Arnquist*, 170 Wis. 130, 174 N.W. 557, 558 (1919); *Sattell v. Cont'l Cas.*, 157 Wis. 2d 503, 460 N.W.2d 446 (Ct. App. 1990); *Kaufman v. Grant-Crawford Oil*, 106 Wis. 2d 771, 318 N.W.2d 26 (Ct. App. 1982). Because the jury concluded based on the evidence adduced at trial that Rustic Retreats breached the distributorship agreement, Pioneer was entitled to an award of nominal damages under Wisconsin law. Thus, Rustic Retreats' argument that no legally sufficient evidentiary basis supports the jury's findings with respect to Pioneer's breach of contract claim is without merit.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Rustic Retreats' motion for judgment as a matter of law and to alter or amend the judgment or alternatively a new trial (Docket # 181) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of April, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge